UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SERGIO HERNANDEZ RAMIREZ,

    Petitioner,

v.                                     Case No: 2:18-cv-70-FtM-29CM

JEFF SESSIONS, United States Attorney General, THOMAS D. HOMAN, Secretary of the Department of Homeland Security, MARC MOORE, U.S. ICE Field Office Director for the District of Miami, JUAN ACOSTA, Officer in charge, in his official capacity, and ORESTE CRUZ, Assistant Field Office Director for Krome SPC,

    Respondents.

## **ORDER**

This matter comes before the Court on Pro Se Plaintiff's Petition for Writ of Habeas Corpus and Release from Detention Pursuant to 28 U.S.C. s 2241 (Doc. #1) filed on January 9, 2018.

## **BACKGROUND**

Petitioner was born in Cuba on June 29, 1960. Petitioner immigrated to the United States on June 2, 1980, as part of the Mariel boat lift. Petitioner received legal status, was paroled, released from custody, and he resided in Miami, Florida with his family. Petitioner was subsequently convicted of a crime and as a result was ordered deported.

Petitioner states that he was taken into custody by United States Immigration and Customs Enforcement (ICE) on July 25, 2017. From that date forward, Petitioner was detained at Glades County Detention Center. However, to date ICE has been unable to deport Petitioner to Cuba because there is no formal or informal repatriation agreement between Cuba and the United States. On March 21, 2018, the Court was informed by Krome Service Processing Center Field Office (Krome) that Petitioner was released from ICE custody on January 17, 2018.

## **DISCUSSION**

For the reasons set forth below, the Court concludes that this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336.

However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) ("Once the

convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v. Gonzales, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Murphy v. Hunt, 455 U.S. 478, 482 (1982).

Here, Petitioner does not challenge the underlying deportation order. Instead he only seeks release from ICE custody. Therefore, when Petitioner was released from ICE custody, his claim was resolved. Because Petitioner was released from custody pending removal from the United States, the chances of his extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the exception to the mootness doctrine does not apply. See Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) (holding "[s]ince the petitioner has been released

pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

Since the Court can no longer give Petitioner any meaningful relief, his § 2241 Petition is moot and "dismissal is required because mootness is jurisdictional." See Al Najjar, 273 F.3d at 1336, 1253; Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition").

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Petition for Writ of Habeas Corpus and Release from Detention Pursuant to 28 U.S.C. s 2241 (Doc. #1) is **DISMISSED as moot**. The Clerk shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
SA: FTMP-2